**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERGIS R. GHOBRIAL,<br><br>   Plaintiff,<br><br>   v.<br><br>MEMORIALCARE LONG BEACH MEDICAL CENTER, et al.,<br><br>   Defendants. | Case No. 2:25-cv-06874-AB (BFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the dismissal of the Complaint, which alleges disability discrimination, with leave to file an Amended Complaint. (Dkt. No. 37.) Plaintiff's objections to the Report (Dkt. No. 39) do not merit any change to the Report's findings or recommendations.

Plaintiff objects that the Report made a factual error in finding that he was granted a waiver for his 2021 medical staff dues because of his ongoing medical issues. (Dkt. No. 39 at 3-4.) Instead, Plaintiff objects, his 2021 medical staff dues

were waived because of his financial hardship.  (*Id*.)  The Report did not make a factual error.  The Report accurately found that, at the time Defendants granted Plaintiff the first 2021 waiver request, Defendants necessarily were aware of Plaintiff's ongoing medical issues because Plaintiff had gone on medical leave in November 2019.  (Dkt. No. 37 at 11; *see also* Dkt. No. 1 at ¶¶ 63, 67.)  "It is not plausible, then, that the second waiver was denied because of Plaintiff's disability; it appears that it was denied because it was not within [the hospital's] policy to grant such waivers."  (Dkt. No. 37 at 11.)

      Plaintiff objects that the Report improperly resolved factual disputes against him by crediting Defendants' explanations.  (Dkt. No. 39 at 4-6.)  On the contrary, the Report did not credit Defendants' explanations.  The Court agrees with the Report that Plaintiff's allegations about the discontinuation of his hospital privileges, accepted as true, fail to state a claim for denial of a public accommodation under Title III of the Americans with Disabilities Act ("ADA") or discrimination under Section 504 of the Rehabilitation Act.  (Dkt. No. 37 at 11-12.)

      Plaintiff objects that the Report applied the wrong causation standard because his disability needs to be only a motivating factor, rather than the but-for cause, of the adverse action.  (Dkt. No. 39 at 6.)  On the contrary, the Report applied the correct causation standard for Plaintiff's claims under Title III of the ADA and Section 504 of the Rehabilitation Act.  (Dkt. No. 37 at 10, 12.)  *See also K.M. ex rel. Bright v. Tustin Unified School Dist*., 725 F.3d 1088, 1099 (9th Cir. 2013) (Rehabilitation Act requires a plaintiff to show a denial of services "solely by reason of" disability); *Joe v. Olive Branch Assisted Living LLC*, 2025 WL 2306976, at *3 (D. Ariz. Aug. 11, 2025) (Title III requires a showing of but-for causation) (citing cases).

      Plaintiff objects to the Report's finding that the discontinuation of his hospital privileges was not the denial "goods and services offered to the public" under Title III of the ADA.  (Dkt. No. 39 at 6-7.)  As support, Plaintiff cites

*Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 122 (3d Cir. 1998), which holds "that a medical doctor with staff privileges — one who is not an employee for purposes of Title I — may assert a cause of action under Title III of the ADA as an 'individual' who is denied the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" (Dkt. No. 39 at 7.) But the decision in *Menkowitz* made clear that "Title III was not intended to govern disability discrimination in the context of employment." 154 F.3d at 122. Here, Plaintiff alleged that he had an "employment contract" with the hospital and that Defendants were his "employers" or "employer." (Dkt. No. 1 at ¶¶ 61, 121, 148.) Because Plaintiff alleged he was an employee, his reliance on *Menkowitz* is misplaced.

Plaintiff objects that the Report failed to construe his allegations liberally. (Dkt. No. 39 at 7.) This conclusory objection is not well-founded. Plaintiff does not specify any allegation that should have been liberally construed but was not.

Plaintiff objects that the Report failed to address his procedural objections, based on Defendants' failure to disclose a conflict of interest with their counsel and based on Defendants' failure to properly serve their motion to dismiss. (Dkt. No. 39 at 7-8.) On the contrary, the Magistrate Judge properly addressed both objections. The Court agrees with the Magistrate Judge's finding that disqualification of Defendants' counsel is not warranted because Plaintiff, who was never a client of Defendants' counsel, lacks standing to seek disqualification and because Plaintiff failed to show an obstruction of the orderly administration of justice. (Dkt. No. 36.) The Court also agrees with the Report that the motion to dismiss was properly served on Plaintiff by mail. (Dkt. No. 37 at 7; *see also* Dkt. Nos. 14, 18-6.)

Plaintiff objects that the Report rests on legal error and that leave to amend does not cure the errors. (Dkt. No. 39 at 8-10.) On the contrary, the Report did not commit legal error but applied the correct legal standards for causation. The Court

agrees with the Report that, under the applicable standards, Plaintiff has not stated a claim under Title III of the ADA or Section 504 of the Rehabilitation Act.

It is ordered that:

(1) the Report and Recommendation is accepted and adopted;

(2) Defendants' Request for Judicial Notice (Dkt. No. 10-6) is granted to the extent that it seeks judicial notice of Plaintiff's Los Angeles Superior Court case documents;

(3) Defendants' evidentiary objections (Dkt. Nos. 18-1, 19-1) are overruled as unnecessary to the Court's decision;

(4) Defendants' Motion to Dismiss (Dkt. No. 10) is granted to the extent that it seeks dismissal of Plaintiff's ADA and Rehabilitation Act claims for failure to state a claim;

(5) Defendants' Motion to Dismiss otherwise is denied;

(6) Defendants' Motion to Strike pursuant to California's anti-SLAPP statute is denied as moot;

(7) the Complaint is dismissed in its entirety with leave to amend; and

(8) Plaintiff is granted 30 days from the date of this Order to file a First Amended Complaint.

DATED: January 13, 2026

_____
HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE